## WALTHAM vs. WALTHAM.

*Sixth Judicial District Court, July, 1857.*

PARENT AND CHILD—CUSTODY OF CHILDREN.

The general rule is that the father is entitled to the custody of the children, because it is supposed he is better capable of educating and supporting them.

Next to the right of the father that of the mother must be recognized.

If the husband is insolvent, and unable .to provide for the maintenance of the children, and the mother is possessed of property, and with the children in her custody, is properly supporting and educating them, the Court will not interfere with that custody while an action for divorce is pending between the parties.

The Court will take into consideration the abandonment of the family by the father, and the probable desire to annoy and harrass the mother by this application, because she has applied for the divorce on the ground of desertion.

The facts are fully set forth in the opinion.

*Crocker & Robinson*, for plaintiff.

*Winans & Hyer*, for defendant.

MONSON, J.—This is an application on the part of J. G. Waltham for the custody of his two children—the one a girl about eight years old, the other a boy about five years. Plaintiff and defendant are husband and wife, but now living separate and apart. The children are now living with their mother at a place in El Dorado county known as Wild Goose Flat, where plaintiff and defendant resided together for about eight months previous to their separation. In the month of October last, the plaintiff left and abandoned his wife and children, and has remained absent from them ever since. Previous to the issuing of this writ, defendant had commenced an action for divorce in El Dorado county.

In a general sense, that the father has a paramount right to the custody of his child is undoubtedly true. Why has he this right in preference to the mother? Is it on account of any absolute vested right? No. It is because the law, regarding what will be best for the child, supposes the father to be better capable of educating and supporting it, and when grown up, to advance its interests, than the

mother. It is a mistake to suppose that the father has an absolute right to the custody of his child. Where all things are equal he has the paramount right, because, as before remarked, the law, consulting the real, permanent welfare of the child, presumes it to be more for its interests to be under his nurture and care for maintenance and education. When, therefore, says Judge Story, the Court is asked to lend its aid to put the infant into the custody of the father, and to withdraw him from other persons, it will look into all the circumstances, and ascertain whether it will be for the real, permanent interest of the infant, and if the infant be of sufficient discretion, it will also consult his personal wishes. United States *vs.* Green, 3 Mason's Rep., p. 485.

In the case of Miner *vs.* Miner, 11 Illinois Rep., p. 49, Mr. Justice Caton says, " Upon the extent of the legal right of the father to the custody and control of his children, many contradictory decisions are to be found." We think it clear, nevertheless, that he does possess that right, unless he has forfeited, waived, or lost it, either by misconduct, misfortune, or some peculiar circumstances, sufficient in the opinion of an enlightened Chancelor, to deprive him of it. In the event of a separation of the parents, this right must be conferred upon one of them. Next to the right of the father that of the mother must be recognized. These rights, however, are subject to the control of the Courts of Chancery, and when its aid is invoked, while it may not disregard the maternal rights of parents and the ties of blood, the best interests of the child must be primarily consulted. In no case do I find this legal right of the father asserted where a divorce has been granted for his fault or misconduct. At the suit of the wife, an action against the plaintiff for a divorce is now pending in the District Court of the Eleventh Judicial District. In this suit the character and conduct of the parties can be more fully inquired into than this Court was enabled to do in this proceeding, and consequently be better qualified to decide who ought to have the custody of the children. The application there will be addressed to the Chancery side of the Court ; and Courts of Chancery have ampler jurisdiction, and are clothed with more discretion in these matters than Courts of Law on a *habeas corpus.* If the wife obtains a divorce in that case, the Court will undoubtedly award the custody of the children to her, provided no just objection against her is shown to exist.

The testimony in this case does not disclose such strong, peculiar, and urgent circumstances as to justify me in interfering with the custody of the children at the present time, while an action for divorce is pending in El Dorado county. It appears from the evidence that the wife is an industrious, hard-working woman—her neighbors speak well of her—she has some property—the children are well cared for—they are happy and contented, and desire to remain with her. The father shows a most excellent character for industry and sobriety, and is engaged in an honest and useful occupation, but yet the evidence shows that he is not entirely free from blame. I can discover no justifiable cause for his desertion of his wife or children ; he has remained absent from them eight or nine months—has made no effort at reconciliation, and during the whole period has failed or neglected to provide one dollar for their maintenance and support. He exhibits no desire for the care and custody of the children—evinces no disposition to educate, clothe and support them—until after his wife has instituted proceedings against him for a divorce. Then, and not until then, he discovers that she is an improper person to have their care and custody. . His conduct excites a suspicion that, in instituting this proceeding, he was actuated more by a desire to harrass and annoy her, than from love and proper affection for the children. Again, the evidence shows that he is in insolvent circumstances—that already his creditors have attached the property of his wife for his debts. Under these circumstances I shall, for the present, at least, refuse to interfere with the custody of the children.